UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 17-069-DCR |
| V. | ) ) | |
| ANSAR MCIVER, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Ansar McIver pleaded guilty to conspiring to distribute significant quantities of cocaine, fentanyl and heroin. He was sentenced to 290 months' imprisonment in 2018. McIver recently filed a motion for compassionate release based on several chronic health conditions and his concerns about contracting COVID-19. The United States responded to McIver's motion, arguing that he had not sufficiently alleged that he exhausted administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). The Court agreed and denied McIver's motion on May 19, 2020. [Record No. 301]

McIver has now filed a *pro se* motion seeking relief under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. [Record No. 303] In support, he argues that can now demonstrate that he exhausted his administrative remedies. Additionally, McIver has provided additional medical documentation which he contends establishes that compassionate release is warranted.

The Federal Rules of Civil Procedure do not apply in criminal cases, but courts may review motions to reconsider § 3582(c) rulings under the same standards set out in Rules 59(e)

and 60(b). *See United States v. Moon*, 527 F. App'x 474 (6th Cir. 2013); *United States v. Holland*, No. 6: 05-030-DCR, 2016 WL 1047929, at *1 (E.D. Ky. March 15, 2016) (citing *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).

Rule 59(e) permits the Court to alter its previous decision based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). However, a motion for reconsideration under Rule 59(e) must be filed within 28 days after entry of the order being challenged. *See Holland*, 2016 WL 1047929, at *1. *But see United States v. Kincaid*, No. 3:10-CR-160, 2019 WL 6898644, at *1 (E.D. Tenn. Dec. 18, 2019) (concluding that a motion to reconsider denial of a § 3582(c)(2) motion is subject to same 14-day deadline that applies to filing a notice of appeal in a criminal case).

The Court's Order denying the defendant's motion for compassionate release was entered on May 19, 2020. Therefore, the twenty-eight day period to seek reconsideration expired on June 16, 2020. Even when three days are added for service by mail pursuant to Rule 45(c) of the Federal Rules of Criminal Procedure, McIver's motion for reconsideration, dated June 26, 2020, is untimely. Accordingly, relief under Rule 59(e) is unavailable.

Rule 60(b) only requires that the request for relief be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1). Such relief may be granted where the movant demonstrates:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

As the Court previously explained, a defendant must fully exhaust administrative remedies before filing a motion for compassionate release. *See* § 3582(c)(1)(A). McIver's original motion was denied was because he did not establish that he had exhausted administrative remedies. Further, McIver indicated that he believed he was not required to do so. Following the Court's denial of McIver's motion, the United States Court of Appeals for the Sixth Circuit issued its decision in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020) confirming that exhaustion of administrative remedies is required, even in light of COVID-19.

So McIver now explains that he submitted his initial request for compassionate release to the Warden on March 23, 2020, and did not receive a response until May 12, 2020. [*See* Record No. 303-1.] As a result, he contends that, because more than 30 days elapsed, his administrative remedies were deemed exhausted. *See* § 3582(c)(1)(A).

Assuming *arguendo* that McIver has exhausted his administrative remedies, the Court has reviewed the merits of his motion and finds that compassionate release is not appropriate. Prior to enactment of the First Step Act of 2018, a motion for compassionate release could only be brought by the Director of the Bureau of Prisons ("BOP"). *See* 18 U.S.C. § 3582(c)(1)(A) (2017). Section 3582(c)(1)(A) now provides that

> the court, upon motion of the Director of the Bureau of Prisons or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence

imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Defendant McIver is neither 70 years old, nor has he served 30 years in prison. Further, he has not explained how his present circumstances constitute extraordinary and compelling reasons warranting a sentence reduction. The United States Sentencing Guidelines explains that any of the following constitute "extraordinary and compelling reasons:"

> (A) Medical Condition of the Defendant—
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is—
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances –
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

McIver alleges that he suffers from obesity, heart disease, diabetes, and mobility issues which make him vulnerable to complications from COVID-19. [Record No. 303, pp. 3-4] He has submitted records indicating that his medical problems caused him to develop ulcers on his left lower extremity beginning in early 2019. [Record No. 303-2, p. 6] By the summer of 2019, his left leg wounds still had not healed and he was hospitalized from July 5 through July 10, 2019. *Id.* at 145. Imaging studies revealed some vascular stenosis in the left lower extremity. *Id.* at p. 59.

Additionally, McIver was diagnosed with MRSA and E. Coli infections, but a bone scan indicated that he did not have osteomyelitis. He received physical therapy for pain and limping associated with the leg ulcers. *Id.* at p. 48. A doctor's note from March 2020 indicated that McIver had an ulcer of the left heel and midfoot that was improving with treatment. *Id.* at 118.

Based on the information provided, the Court concludes that McIver has not alleged facts that establish extraordinary and compelling circumstances as contemplated under § 3582(c)(1)(A) and U.S.S.G § 1B1.13. First, he has not argued or offered any evidence to suggest that he is suffering from a terminal illness. Second, while McIver contends that he suffers from serious physical and/or medical conditions, he has not indicated that such conditions substantially diminish his ability to provide self-care within the environment of a correctional facility. In denying McIver's request for compassionate release, the Warden advised him that his condition was stable and he was able to independently attend to his activities of daily living. [Record No. 303-1, p. 1] McIver has not provided any information that contradicts the Warden's conclusion.

Third, a sentence reduction is not warranted because McIver presents a real and continuing danger to the community. *See* U.S.S.G. § 1B1.13; 18 U.S.C. § 3142(g). He has a long history of committing controlled substance offenses and he qualified as a career offender under U.S.S.G. § 4B1.1 at sentencing. During the instant offense, McIver worked with others to introduce large quantities of very dangerous controlled substances (including fentanyl) into the Eastern District of Kentucky. Although none was identified here, this type of drug trafficking frequently results in injury and death.

A defendant might argue that his likelihood of recidivism is diminished by his failing health. However, McIver's health problems are longstanding. While the Court considered McIver's health concerns during the sentencing hearing, the undersigned noted that the defendant had engaged in very serious criminal conduct notwithstanding his medical conditions. [Record No. 289, p. 12] Based on the foregoing, a substantial likelihood exists that the defendant would reoffend if he were released after serving only a brief portion of his sentence.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that the defendant's motion for reconsideration and/or relief from judgment [Record No. 303] is **DENIED**.

Dated: July 13, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky