UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) ) | Criminal Action No. 5: 17-069-DCR |
| V. | ) ) | and Civil Action No. 5: 21-116-DCR |
| ANSAR MCIVER, | ) ) | **ORDER** |
| Defendant/Movant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On May 4, 2021, Defendant/Movant Ansar McIver filed a *pro se* motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The Court has conducted its initial review of the motion per Rule 4 of the Rules Governing § 2255 Proceedings and finds that further proceedings are necessary. Accordingly, it is hereby

**ORDERED** as follows:

1.  McIver's attorney-client privilege is deemed **WAIVED** with respect to the issues raised in his § 2255 motion.[1]

---

[1] On June 2, 2021, the Court entered an order directing McIver to show cause why his claims do not constitute a waiver of the attorney-client privilege regarding the claims of ineffective assistance of counsel raised in his § 2255 motions. Rather than responding, McIver filed a notice of appeal regarding this non-appealable issue. *See Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 103-04 (2009) (holding that disclosure orders defeating attorney-client privilege are not immediately appealable under the collateral order doctrine).

While the Court gave McIver an opportunity to explicitly acknowledge waiver of the attorney-client privilege with respect to the issues raised in his § 2255 motion, he has done so implicitly "by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance." *See In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005). Although an implied waiver must be construed narrowly, counsel may disclose communications necessary to litigate the claims of ineffective assistance raised in a § 2255 motion. *See id.*

- 2 -

     2.     Within **forty-five (45) days**, the United States is directed to file a response to McIver's § 2255 motion that addresses all substantive and procedural issues.

     3.     McIver shall have **thirty (30) days** to submit any reply upon the filing and service of the United States' response.

     4.     The matter will stand submitted to the Court upon receipt of McIver's reply or the expiration of the time in which to file the same.

     Dated: July 6, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky