UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 17-069-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 5: 21-116-DCR |
| V. ) | |
| ) | |
| ANSAR MCIVER, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court recently denied Defendant Ansar McIver's motion seeking relief under 28 U.S.C. § 2255 based on the argument that his attorneys had provided ineffective assistance. He has now filed a *pro se* motion to set aside the Court's judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Record No. 357] The motion will be denied because McIver has not identified any newly-discovered evidence or shown that there was a clear error of law, an intervening change in controlling law, or that reconsideration is needed to prevent manifest injustice.

On January 24, 2018, McIver pleaded guilty to conspiring to distribute controlled substances and conspiring to launder money. He was determined to be a career offender under § 4B1.1 of the United States Sentencing Guidelines and also was subject to an enhanced statutory penalty under 21 U.S.C. § 841(b)(1)(A) based on a prior conviction for distributing cocaine. McIver was sentenced to a total of 290 months' imprisonment on November 21, 2018. The United States Court of Appeals for the Sixth Circuit dismissed McIver's appeal

based on the waiver provision contained in his plea agreement that precluded an appeal of any sentence below 327 months' imprisonment. [Record No. 294]

McIver then filed a collateral proceeding with this Court, alleging that his retained attorneys had provided ineffective assistance under the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984). Following briefing, this Court denied McIver's motion, concluding that he had failed to demonstrate that his attorneys performed deficiently or that he was prejudiced by their alleged defective performance. [Record No. 352, 353] McIver has now filed a motion to set aside that decision pursuant to Rule 59(e).[1] Specifically, he contends that his conviction for conspiracy to distribute controlled substances does not support his status as a career offender under U.S.S.G. § 4B1.1 in light of *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), which held that the sentencing guidelines' definition of "controlled substance offense" did not include attempt crimes.

Rule 59(e) allows a litigant to file a motion to alter or amend a judgment and gives the district court an opportunity to "rectify its own mistakes in the period immediately following its decision." *White v. New Hampshire Dept. of Emp. Security*, 455 U.S. 445, 450 (1982). The court may grant a Rule 59(e) motion if there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, Courts will not address new arguments or evidence that the moving party could have raised before the decision on the merits issued. *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).

---

[1] McIver also filed a Notice of Appeal regarding the Court's denial of his § 2255 motion on October 26, 2021. [Record No. 354]

McIver has not identified any basis under Rule 59(e) for disturbing the Court's prior decision. *Havis* and the other authority relied upon by McIver in his motion to alter or amend was issued prior to the filing of his original § 2255 motion. Despite that, he failed to include this argument in his original motion, thereby depriving the government of an opportunity to respond. Accordingly, the motion to alter or amend and the defendant's unadorned request for an evidentiary hearing will be denied.

Based on the foregoing, it is hereby

**ORDERED** that the defendant's motion to alter or amend [Record No. 357] is **DENIED**.

Dated: November 9, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky